

**U.S. Department of Justice**
Karin J. Immergut
United States Attorney
District of Oregon
1000 SW Third Avenue, Ste. 600        (503) 727-1000
Portland, OR  97204-2902        Fax: (503) 727-1117

*Gary Y. Sussman*
*Assistant United States Attorney*

Direct: (503) 727-1030
E-mail: gary.sussman@usdoj.gov

November 25, 2008

Nell Brown
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

RECEIVED
NOV 2 6 2008
FEDERAL PUBLIC DEFENDER

Re:    United States v. Benjamin Jacob Kerensa
       CR 08-414 MO

Dear Ms. Brown:

This letter will set forth the government's revised plea offer in this case.

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant, who has already waived indictment, agrees to plead guilty to count two of the information filed in this case, which charges the crime of impersonating an FBI agent, in violation of Title 18, United States Code, Section 912.

3.    **Penalties**: Count two carries a maximum penalty of three years' imprisonment, a $250,000 fine, a one-year term of supervised release, and a $100 statutory fee assessment. Defendant agrees to pay the total fee assessment by the change of plea hearing or explain to the court why this cannot be done.

4.    **Dismissal/No Additional Prosecution**: The USAO will move to dismiss at sentencing any remaining counts against the defendant. The USAO further agrees not to file or seek any new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

5.    **Sentencing Factors**: The parties agree that the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (U.S.S.G.).

Revised 7-21-08

Nell Brown
November 25, 2008
Page 2

---

The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. §3553(a). The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

6. **Relevant Conduct/Guideline calculations**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all of the unlawful conduct alleged in each count of the information. For sentencing purposes, the parties agree that defendant's base offense level should be six under U.S.S.G. § 2J1.4(a). Except as provided below, the parties agree that no specific offense characteristics or cross-references as set forth in U.S.S.G. § 2J1.4(b) or (c), and no aggravating or mitigating factors as set forth in U.S.S.G. Chapter Three, presently apply to this case.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the court that he fully admits and fully accepts responsibility for his unlawful conduct in this case. If defendant does so, the USAO agrees to recommend a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or does anything inconsistent with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8. **Pre-Plea Presentence Report**: The U.S. Probation Office has agreed to prepare a pre-plea presentence report in this case. The parties have agreed to waive the minimum disclosure and objection periods under Fed. R. Crim. P. 32(e) and (f), and will present any objections to the presentence report directly to the court at the time of sentencing.

9. **Sentencing Recommendation**: The parties will jointly recommend that the court impose a sentence of time served as of the date of sentencing, which should fall within the applicable guideline range as estimated by the parties.

10. **Restitution**: Defendant is presently charged in the Circuit Court of the State of Oregon for Curry County with two counts of negotiating a bad check. Curry County has lodged a detainer against defendant. In exchange for the Curry County District Attorney's Office lifting that detainer, defendant voluntarily agrees to pay restitution through the Clerk's Office to the two victims identified below, according to a reasonable monthly payment schedule to be set by the court at the time of sentencing:

Revised 7-21-08

Nell Brown
November 25, 2008
Page 3

    a.    Sessions Surf Shop
           605 Chetco Avenue
           Brookings, OR 97415
           Amount: $222.00

    b.    Escape Hatch
           P.O. Box 1602
           Brookings, OR 97415
           Amount: $365.86

11. **Additional Departures or Adjustments**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory guideline range, either under the sentencing guidelines or under 18 U.S.C. § 3553(a), or to seek a sentence below the advisory guideline range, except as specified in this agreement.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. §3582(c)(2).

13. **Court Not Bound**: Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the court is not bound to adopt or accept the recommendations of the parties or the presentence report writer. Defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

14. **Full Disclosure/Reservation of Rights**: The USAO reserves the right to oppose or contest any argument made or motion filed by defendant at any time. The USAO also reserves the right to challenge statements of fact or guideline calculations in the presentence report, and will fully inform both the court and the U.S. Probation Office of the facts of this case and the bases for its recommendations.

Nell Brown
November 25, 2008
Page 4

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offense between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16. **Elements and Facts**: Defendant understands that the elements of the offense of impersonating a federal officer are as follows:

   a. On or about the date alleged in count two of the information, in the District of Oregon;

   b. Defendant falsely assumed or pretended to be an officer or employee acting under the authority of the United States or an agency or department thereof, and acted as such.

Defendant stipulates that the government can prove each of the following facts beyond a reasonable doubt at trial:

   a. On or about August 4, 2008, defendant called the Salem Police 911 dispatcher, identified himself as "Special Agent Richard Ellis" from the "Portland Field Office" of the FBI, and requested assistance from Salem Police officers in executing a "no bail" arrest warrant on a subject named "Ernest Hererra." During the call, which was recorded, "Special Agent Ellis" told the dispatcher that Hererra was at an address on Fisher Road NE in Salem. The Salem Police dispatcher called the Salem office of the FBI and learned that "Special Agent Ellis" did not exist. Neither did Ernest Hererra.

   b. That same day, defendant called the Willamette Valley Communications Center (which handles 911 calls for Marion and Polk Counties) to report that his estranged wife was making harassing telephone calls to him. During that call, which was recorded, defendant gave his true name and cellular telephone number, and said he was staying on Fisher Road NE in Salem.

   c. On August 9, 2008, defendant once again called the Salem Police 911 dispatcher. During that call, which was recorded, defendant identified

Revised 7-21-08

Nell Brown
November 25, 2008
Page 5

        himself as FBI Special Agent "Chris Andrews." "Agent Andrews" requested assistance from the Salem Police in apprehending another wanted person named Daniel Nogara at an apartment in Salem. According to "Agent Andrews," Nogara had a history of drug abuse and could be armed. Five Salem Police officers were dispatched, but could not locate "Agent Andrews." The Salem Police dispatcher called the FBI, and learned that "Agent Andrews" did not exist.

    d.    During that same period of time, defendant made a number of other calls to various 911 dispatchers. One was made from defendant's cellular telephone. Most of the calls were recorded.

    e.    Defendant's voice was later identified as the voice of "Special Agent Ellis" and "Agent Andrews" during the calls to the Salem Police 911 dispatcher on August 4 and August 9, 2008.

17.    **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises, representations, or agreements, either express or implied, by or between the parties. Defendant agrees that no officer, employee, or agent of the United States has threatened or coerced him to induce him to accept this offer.

    If defendant wishes to accept this offer under the terms and conditions set forth herein, both of you should sign and date this letter in the spaces provided below. Please attach the signed original to the plea petition, and send me a copy at your earliest convenience.

                                        Very truly yours,

                                        KARIN J. IMMERGUT
                                      United States Attorney

                                      GARY Y. SUSSMAN
                                      Assistant United States Attorney

      I FREELY AND VOLUNTARILY ACCEPT THE TERMS AND CONDITIONS OF THIS PLEA OFFER, AFTER FIRST REVIEWING AND DISCUSSING EACH

Nell Brown
November 25, 2008
Page 6

PART OF IT WITH MY ATTORNEY. I AM SATISFIED WITH THE LEGAL ASSISTANCE PROVIDED TO ME BY MY ATTORNEY. I WISH TO PLEAD GUILTY BECAUSE I AM GUILTY.

_12-8-08_
Date

_Benjamin J. Kerensa_
BENJAMIN JACOB KERENSA
Defendant

    I am legal counsel for defendant. I have carefully reviewed and discussed every part of this plea offer with defendant. To my knowledge, defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

_December 8, 2008_
Date

_Nell Brown_
NELL BROWN
Attorney for Defendant

Revised 7-21-08